# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RASHID LATTA,<br>              Appellant, | DOCKET NUMBER<br>PH-0752-17-0007-I-1 |
|               v. | |
| SOCIAL SECURITY<br>   ADMINISTRATION,<br>              Agency. | DATE: February 10, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Thomas J. Gagliardo</u>, Esquire, Baltimore, Maryland, for the appellant.

<u>Mark Ledford</u>, <u>Laura M. Gagliuso</u>, and <u>Stanley Todman</u>, Baltimore, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction pursuant to a last chance settlement agreement.  On review, the appellant argues that he made a

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

nonfrivolous allegation that he complied with the agreement, that the administrative judge misinterpreted the agreement, and that the administrative judge failed to draw the correct inferences from his medical documentation. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address whether the waiver clause contained in the last chance settlement agreement was adequate to divest the Board of jurisdiction over this appeal, we AFFIRM the initial decision.

¶2    During the adjudication of a prior Board appeal, the parties reached a last chance settlement agreement, Initial Appeal File (IAF), Tab 4 at 32-41, under which terms the appellant agreed to be on leave restriction for 12 months, to follow all specified leave and leave-requesting procedures, and to provide medical documentation "for any medical appointments and illness related absences," *id.* at 35, ¶¶ 2.j-k. The agency agreed to rescind the underlying action, and the appellant agreed to withdraw his appeal and not engage in any additional litigation over the matter. *Id.* at 33-34, ¶¶ 2.a-d; 35-36, ¶¶ 3.a-b, d. The agreement further provided, "[The appellant's] failure to comply with all of the provisions of this Agreement will result in his removal from Federal service with

no advance notice period and no appeal rights." *Id.* at 33, ¶ 1. Based on the settlement agreement, the administrative judge entered the agreement into the record and dismissed the appeal as settled. *Latta v. Social Security Administration*, MSPB Docket No. PH-0752-15-0052-I-1, Initial Decision at 1-2 (May 28, 2015).

¶3 Effective September 1, 2016, the agency again removed the appellant for 48 hours of absence without leave over a 3-month period.[2] IAF, Tab 4 at 88-90. The agency stated that the appellant's misconduct violated the terms of the last chance settlement agreement, and it removed him without affording him advance notice or notice of his appeal rights. *Id.* The appellant filed a new Board appeal.

¶4 On appeal, the administrative judge found that the appellant failed to make a nonfrivolous allegation that his conduct did not breach the agreement. IAF, Tab 25, Initial Decision (ID) at 6-11. He determined that the appellant was not entitled to a jurisdictional hearing, and he dismissed the appeal for lack of jurisdiction. ID at 1, 11. We have considered the appellant's arguments on review and agree with the administrative judge that he failed to make a nonfrivolous allegation that the limited medical documentation he submitted was sufficient to justify his absence from May 4-6, 2016.

¶5 Having found that the appellant failed to raise a nonfrivolous factual issue of compliance with a settlement agreement, the Board must now determine the scope and applicability of the agreement's waiver provision. *Stewart v. U.S. Postal Service*, 926 F.2d 1146, 1148 (Fed. Cir. 1991); *Hamiter v. U.S. Postal Service*, 96 M.S.P.R. 511, ¶ 13 (2004). The appellant bears the burden of proving that his appeal is within the Board's jurisdiction. *Hamiter*, 96 M.S.P.R. 511, ¶ 8.

¶6 Here, the waiver clause is quite broad. If the appellant failed to comply with all of the agreement's provisions, he would be removed with no right to

[2] The administrative judge exercised his discretion to focus solely on 24 hours of absence without leave on May 4-6, 2016, because proof that the appellant breached the agreement on those days would be sufficient to invoke the agreement's waiver clause.

appeal. IAF, Tab 4 at 33, ¶ 1. The appellant was represented by counsel at the time he entered into the agreement, and he is represented by the same counsel during this appeal. Although put on notice by the administrative judge that the scope and applicability of the waiver clause was at issue in this appeal, IAF, Tab 5, the appellant did not challenge the scope of his waiver of appeal rights. Instead, he argued simply that he did not breach the agreement. IAF, Tab 11. The Board has found a similarly broad waiver clause to be enforceable. *Hernandez v. U.S. Postal Service*, 49 M.S.P.R. 245, 247-48 (1991) (finding enforceable a settlement provision requiring the appellant to conduct himself in accord with Postal Service rules and regulations or be subject to dismissal with no right to grieve and no right to seek administrative or judicial relief), *aff'd*, 954 F.2d 733 (Fed. Cir. 1992) (Table). We find, therefore, that the appellant has failed to prove that the agreement's waiver of appeal rights should not be enforced against him. The administrative judge correctly dismissed this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

> http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:　　　　　　　/s/ for

　　　　　　　　　　　　　　　Jennifer Everling
　　　　　　　　　　　　　　　Acting Clerk of the Board
Washington, D.C.